## Appeal of EVERETT KNITTING WORKS. Docket 2.

The Board has no jurisdiction over an appeal involving only the refund to a taxpayer of a tax paid prior to the passage of the Revenue Act of 1924.

Submitted August 27, 1924; decided September 9, 1924.

*Harry S. Hall, Esq.*, for the taxpayer.

*Arthur H. Deibert, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before the Board, *en banc.*

STERNHAGEN: This appeal was heard upon a motion of the Commissioner to dismiss the petition for want of jurisdiction.

From the petition filed July 30, 1924, it appears that the taxpayer, a corporation of New Hampshire engaged in the manufacture and sale of knitted goods, filed its return for 1918 and at that time paid a tax amounting to approximately 50 per cent of its net income, as provided by section 328 of the Revenue Act of 1918. Thereafter, and prior to the enactment of the Revenue Act of 1924, the Commissioner made an additional assessment, which the taxpayer, by claim duly filed, sought to have abated. The claim for abatement was considered by the Commissioner and disallowed, and the taxpayer paid the full amount of the assessment. A claim for refund was then filed, which, after consideration, the Commissioner rejected. Reconsideration upon an allegation of additional facts was then given to the matter, and by letter dated June 4, 1924, the Commissioner reaffirmed his previous action.

The petition does not allege that there is any outstanding deficiency in tax nor does it set forth that any deficiency has been determined by the Commissioner within 60 days prior to the filing of the petition by which the appeal to the Board was instituted. The only determination which the Board is called upon to make is with reference to the amount which the taxpayer had paid before the passage of the statute by which the Board was created.

The Commissioner for answer moved to dismiss the petition on the ground that the Board has no jurisdiction over the matters alleged.

On August 25, 1924, shortly before the hearing on the motion, the taxpayer, without notice or leave, filed a so-called supplemental petition which he desires to have considered in this appeal. This new petition sets forth that a letter was mailed to the taxpayer on August 12, 1924, asserting a deficiency amounting to $288.64. A copy of this deficiency letter is attached to the new petition.

The Board can not consider this new petition as part of the appeal now being decided. The issue now before us is whether the taxpayer at the time of instituting its appeal on July 30, 1924, had, as shown by its petition, a ground for appeal. The appeal must stand or fall upon the facts then existing. Manifestly, after the appeal is filed and the motion made to dismiss for insufficiency, the taxpayer may not, by setting up facts which occurred subsequently, so vary its ground of appeal as to present an entirely new and different issue. If it be true that the letter of August 12, 1924, establishes a ground of appeal—which we have not considered and do not decide—it can not serve to cure the defective pleading of July 30, 1924. We there-

fore disregard the petition filed August 25, 1924, and consider the motion to dismiss the original petition of July 30, 1924.

The motion must be granted, upon the ground that the Board is without jurisdiction to determine an appeal involving solely the refund to a taxpayer of a tax paid prior to the passage of the Revenue Act of 1924. The statute gives the taxpayer the right to appeal to the Board in cases where there is a statutory deficiency. Such a deficiency is expressly defined in section 273 as—

(1) The amount by which the tax imposed by this title exceeds the amount shown as the tax by the taxpayer upon his return; but the amount so shown on the return shall first be increased by the amounts previously assessed (or collected without assessment) as a deficiency, and decreased by the amounts previously abated, credited, refunded, or otherwise repaid in respect of such tax; or

(2) If no amount is shown as the tax by the taxpayer upon his return, or if no return is made by the taxpayer, then the amount by which the tax exceeds the amounts previously assessed (or collected without assessment) as a deficiency; but such amounts previously assessed, or collected without assessment, shall first be decreased by the amounts previously abated, credited, refunded, or otherwise repaid in respect of such tax.

Evidently the amount previously collected must be subtracted from the amount of tax imposed by the statute in order to arrive at the statutory deficiency. The amount can not at the same time be both the deficiency and also one of the factors in determining the deficiency.

In view of the purpose of Congress in creating the Board, as expressed when the bill was being considered, we think it was not intended that we should determine refund claims. The Board was created to give the taxpayer a chance to have an open and neutral consideration of his liability for a deficiency before he is required to pay. The harsh rule of payment first and litigation afterwards was sought to be mitigated. But the consideration of refund claims has no place in this scheme. Payment has already been made and there is nothing upon which the determination of the Board can effectively operate. The taxpayer has now, as he has heretofore had, a right of action in court to recover any amount erroneously collected.

The petition is dismissed.