STANDARD PORTLAND CEMENT CO. et al. v. COMMISSIONER OF INTERNAL REVENUE.

No. 5521.

Circuit Court of Appeals, Third Circuit.

Nov. 25, 1935.

Maynard Teall and Smith, Shaw, McClay & Seifert, all of Pittsburgh, Pa., for petitioners.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Milford S. Zimmerman, Sp. Assts. to Atty. Gen., for respondent.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge.

This proceeding is a review of four orders of redetermination of the United States Board of Tax Appeals for a deficiency in the income tax return for 1926 of each of the four petitioning corporations. The aggregate deficiency was $145,236.49 divided among the corporations as follows: Standard Portland Cement Company, a corporation of Ohio, $7,559.47; Sunshine Soda Company, a corporation of New York, $2,386.92; Standard Silicate Company, a corporation of Ohio, $2,658.48; and the Diamond Alkali Company, a corporation of West Virginia, $132,631.62.

These four appeals were consolidated and heard as one proceeding.

After a revenue agent had made the customary audit of the books, he requested the companies to waive the right to appeal to the Board and to consent to the immediate assessment and collection of aggregate deficiencies for 1926 of $147,352.81. The Diamond Alkali Company, acting for itself and the other companies, on or about September 1, 1928, filed with the Commissioner of Internal Revenue the requested waivers and consents, which were never thereafter withdrawn and at the same time, in accordance with the provisions of section 142 (b) of the Act of 1928, 45 Stat. 832, and section 240 (b) of the Act of 1926, 44 Stat. 46, filed consent with the Commissioner that the entire deficiency of $147,352.81 be assessed against it rather than against it and the other three companies. Under the provisions of sections 272 (d) and 292 of the Act of 1928 (26 U.S.C.A. §§ 272, 292 and notes) and section 274 (d) and (i) of the Act of 1926 (26 U.S.CA. § 272 note), the Commissioner could have assessed and collected the aggregate deficiency of $147,352.81 at any time after the waivers and consents were filed on September 1, 1928, and interest thereon would have run only "to the thirtieth day after the filing of such waiver [and consent] or to the date the deficiency is assessed whichever is the earlier," but he did not make the assessment or do anything toward collecting the tax until June 10, 1930, when he issued his deficiency letters which showed an aggregate deficiency of $145,236.49, which is $2,115.32 less than the Diamond Alkali Company consented that the Commissioner might assess and collect nearly two years before. The difference in the amounts resulted from the fact that the earlier computation was based upon a consolidated return for the companies and the amounts contained in the deficiency letters were based upon individual or separate returns. While computation on nonaffiliated returns decreased the tax liability of the companies here involved for the year 1926, it would have increased it for subsequent years. It was, therefore, important to determine

whether or not the companies were entitled to file a consolidated return.

The letters of deficiency notified the companies that in accordance with section 274 (a) of the Act of 1926, 44 Stat. 55, they might within sixty days petition the Board of Tax Appeals for a redetermination of their tax liability. These letters also notified the companies that they might file waivers of their right to petition the Board and consent to immediate assessment and collection, but they declined, preferring to stand on those already filed. They petitioned the Board on August 8, 1930, to redetermine their tax liability on the ground that they were affiliated companies and entitled to file a consolidated return. The sole error alleged on the part of the Commissioner was that he had failed to determine the tax on the basis that the companies were entitled to file a consolidated return.

The next thing that took place was the entry of an order on October 2, 1931, consolidating the cases for hearing.

Nothing further was done by either party until April 13, 1933, when the petitioners paid the full amount of the deficiency of $145,236.49 asserted in the deficiency letters, together with $13,458.58, which was the interest thereon at the statutory rate from the date the tax was due, March 15, 1927, to October 1, 1928, thirty days after the filing of the consent to immediate assessment and collection of $147,352.81 and the collector duly acknowledged receipt of these payments.

The case came on for hearing on November 21, 1933, and at the hearing the petitioners offered in evidence the following documents:

"1. Form 870 as executed and filed, marked Exhibit 1.

"2. Said letter from Diamond -Alkali Company to the Commissioner, marked Exhibit 2.

"3. The petitioners' tax return for 1926, marked Exhibit 3.

"4. Cancelled check covering said payment of $145,236.49 to said Collector, marked Exhibit 4.

"5. Cancelled check covering said further payment of $13,458.58 to said Collector, marked Exhibit 5.

"6. Said Collector's receipt for said payment of said deficiency of $145,236.49, marked Exhibit 6.

"7. Said Collector's receipt for said further payment of $13,458.58, marked Exhibit 7.

"8. Letter of Diamond Alkali Company delivered to said Collector concurrently with said payments to him, setting out in detail the items of deficiency and interest of which said payments were made up, marked Exhibit 8."

Counsel for petitioners stated that his purpose in offering these documents in evidence was to establish that the amounts contained in the letters of deficiency had been paid with all the interest to which the Commissioner was entitled; that he then intended to ask the Board for an order of no deficiency. The Commissioner objected to the admission of this evidence on the ground that it was incompetent, immaterial, and irrelevant. The Board sustained this objection and entered an order redetermining the deficiencies determined by the Commissioner.

The sole question at issue as made by the pleadings was whether or not the companies were entitled to have their tax liability determined on the basis that they were affiliated. This determination affects not only this year, but other years, for if it affected only the year of 1926, the companies would lose, but in subsequent years the reverse would be true. Was the evidence offered competent and material for the determination of the issue involved?

Before answering this question, we digress to say that the companies are concerned about the danger of having to pay the deficiency twice and about the payment of interest after October 1, 1928. This is a perfectly natural concern, but we cannot think that this fear as to double payment will ever become actual. The following statement of Mr. Justice Cardozo in the case of the George Moore Ice Cream Company v. Rose, 289 U.S. 373, 53 S.Ct. 620, 622, 77 L.Ed. 1265, with regard to the change in the rule, which required a payment to be made under protest as a condition precedent to the recovery of a tax illegally paid is pertinent here: "A high-minded government renounced an advantage that was felt to be ignoble, and set up a new standard of equity and conscience." It seems to us that a high-minded government will not attempt to compel double payment under the circumstances of this case. We think that it is not attempting to do so here for the Commissioner in his brief says:

"The petitioners urge that they will be subjected to severe hardships if the Board is not ordered to admit the proffered evidence. They state that it is possible for the Commissioner, in that event, to collect the principal of the deficiency, notwithstanding the fact that it already has been paid. The fallacy contained in that statement is manifest. The petitioners have the receipt of the Collector for the amount paid. Only one deficiency has been determined by the Commissioner; the same deficiency has been redetermined by the Board. We fail to see how it is possible for the Commissioner to collect a bill already paid, as far as the principal is concerned."

The orders of determination and redetermination did not deal with the question of interest. The Board has repeatedly held that it has no jurisdiction over interest. Levy v. Commissioner, 18 B.T.A. 337; Swamston v. Commissioner, 18 B.T.A. 379; Capital Building & Loan Association v. Commissioner, 23 B.T.A. 848. While the question of interest strictly speaking may not be before us, yet in a sense it is before us, for interest follows the determination of the deficiency. Section 274 (j) of the Act of 1926, 44 Stat. 55, 26 U.S.C.A. § 292 note (section 292 of the Act of 1928, 26 U.S.C.A. § 292 and note), provides:

"(j) Interest upon the amount determined as a deficiency shall be assessed at the same time as the deficiency, shall be paid upon notice and demand from the collector, and shall be collected as a part of the tax, at the rate of 6·per centum per annum from the date prescribed for the payment of the tax (or, if the tax is paid in installments, from the date prescribed for the payment of the first installment) to the date the deficiency is assessed, or, in the case of a waiver under subdivision (d) of this section, to the thirtieth day after the filing,of such waiver or to the date the deficiency is assessed, whichever is the earlier."

Consequently, if the order of redetermination stands as entered, the Commissioner may assess the interest on the deficiency at the same time that he assesses the deficiency from the date the tax became due until it was paid on April 13, 1933, and without the evidence which the companies offered, there would be nothing in the record to show the payment.

Again evidence of the payment on April 13, 1933, was material and competent to show whether or not there was a deficiency on December 14, 1933, when the orders of redetermination were signed. True, payment of the amounts contained in the letters of deficiency was made without assessment, but section 271 (a) of the Revenue Act of 1928, 26 U.S.C.A. § 271 and note (section 273 (1) of the Act of 1926, 44 Stat. 55, 26 U.S.C.A. § 271 note), defining a deficiency, indicates that a valid tax may be "collected without assessment." This section provides:

"As used in this title [chapter] in respect of a tax imposed by this title [chapter] 'deficiency' means—

(a) The amount by which the tax imposed by this title [chapter] exceeds the amount shown as the tax by the taxpayer upon his return; but the amount so shown on the return shall first be increased by the amounts previously assessed (or collected without assessment) as a deficiency, and decreased by the amounts previously abated, credited, refunded, or otherwise repaid in respect of such tax."

This rejected evidence was material and necessary in order to enable the Board to determine whether or not there was a deficiency. By taking the payment into account, the Board might have found that there was no deficiency, if its computation was made on the basis that the companies were not affiliated; but if made on the basis that they were affiliated and entitled to file a consolidated return, it would have found a deficiency. If there is such deficiency, it is only for $2,115.32.

The Board, therefore, did not have evidence before it upon which it could determine that there was a deficiency on the basis that the companies were not affiliated and not entitled to file a consolidated return. The rejected evidence bore upon the question of whether or not there was a deficiency. Accordingly, the order of redetermination is reversed and the case remanded to the Board with direction to receive the evidence which it rejected with any other material and competent evidence and determine whether or not the petitioners are entitled to file consolidated returns and whether or not there is a deficiency tax and if there is the amount thereof.