**CUMBERLAND PORTLAND CEMENT CO. et al. v. UNITED STATES.**

**Civ. No. 1021.**

United States District Court
M. D. Tennessee, Nashville Division.

Jan. 9, 1952.

Bass, Berry & Sims and W. W. Berry, all of Nashville, Tenn., for plaintiffs.

D. L. Johnson, Asst. U. S. Atty., Nashville, Tenn., for defendant.

DAVIES, District Judge.

The cause was submitted upon the pleadings, evidence, exhibits, and argument for plaintiffs and defendant, and, after due consideration thereof, the Court enters its Findings of Fact and Conclusions of Law, as follows:

**Findings of Fact**

The facts were stipulated as follows:

1. The taxpayer, Cumberland Portland Cement Co., was formerly a corporation organized under the laws of the State of Delaware and was qualified to do business in the State of Tennessee as a foreign corporation but has now surrendered its charter. By virtue of a merger agreement dated December 16, 1946, Cumberland Portland Cement Co. and Tennessee Portland Cement Corporation, also a Delaware corporation, were merged under the name of Cumberland Portland Cement Company, which merged corporation was organized under the laws of the State of Delaware. Said merged corporation was subsequently dissolved and all of its assets were transferred to a corporation of the same name, coplaintiff in this case, which was organized and is existing under the laws of the State of Tennessee.

2. Cumberland Portland Cement Co. duly filed its income and excess profits tax returns for the calendar year 1942 and paid the taxes reported due on said returns. On February 20, 1945, Cumberland Portland Cement Co. filed a claim for refund with the Collector of Internal Revenue at Nashville, Tennessee, to have an unused excess profits credit for the calendar year 1944 carried back to the year 1942. Said claim for refund for said carry back adjustment was allowed and it resulted in a total overpayment of said corporation's excess profits tax for the calendar year 1942 in the sum of $48,258.91. Of this amount, a portion was applied as an offset against a potential (but not assessed) excess profits tax deficiency of $44,716.66, which resulted from the disallowance by the Commissioner of Internal Revenue of certain deductions claimed by Cumberland Portland Cement Co. in its returns for the year 1942. The remainder of said overpayment for the year 1942 of $48,258.91, or $3,542.25, was over-assessed to Cumberland Portland Cement Co. in accordance with a Certificate of Overassessment issued by the Commissioner of Inter-

nal Revenue #2924589—Schedule #120314. A true photostatic copy of said Certificate of Overassessment has been made Exhibit "B" to the complaint in this cause, and same is by reference made a part hereof.

3. On June 11, 1946, Cumberland Portland Cement Co. filed a claim for refund with the Collector of Internal Revenue at Nashville, Tennessee, for a refund of excess profits taxes for the calendar year 1941, resulting from an excess profits credit carry back from 1943, and said claim for refund was allowed by the Commissioner of Internal Revenue to the extent of $13,970.15. The Commissioner of Internal Revenue issued a Certificate of Overassessment, #3073969—Schedule #120384, allowing said claim for refund in the amount of $13,970.15. A true photostatic copy of said claim for refund has been made Exhibit "A" to the complaint in this cause and same is by reference made a part hereof.

4. On June 27, 1947, the Commissioner of Internal Revenue assessed plaintiffs with interest in the amount of $10,945.17 on excess profits taxes for the calendar year 1942 in the amount of $44,716.66, but did not assess plaintiffs with a deficiency of excess profits taxes for the calendar year 1942 in said amount of $44,716.66, or any amount. The Commissioner of Internal Revenue has never assessed plaintiffs, or either of them, with a deficiency in excess profits taxes for the calendar year 1942; however, the Commissioner did determine that the plaintiff had, in its excess profits tax return filed for that year, understated its excess profits tax liability for 1942 in said amount of $44,716.66. The Commissioner of Internal Revenue applied the sum of $10,945.17 of said overassessment of excess profits taxes for the calendar year 1941 in the amount of $13,970.15 (for which the Certificate of Overassessment made Exhibit "A" to the complaint was issued) in payment of the assessment of interest on June 27, 1947, in said amount of $10,945.17. Subsequently, the Commissioner of Internal Revenue refunded to plaintiff a portion ($5,765.99) of said assessment of interest of $10,945.17, said portion being interest on the sum of $44,716.-

66 from February 20, 1945, to April 13, 1947. The Commissioner of Internal Revenue has not refunded the balance ($5,179.-18) of said assessment of interest of $10,-945.17, which is interest on the sum of $44,716.66 from March 15, 1943, to February 20, 1945.

5. A true photostatic copy of a letter dated October 20, 1947, addressed to W. W. Berry, attorney for plaintiffs, from Mr. E. I. McLarney, Deputy Commissioner of Internal Revenue, setting forth the application of the overpayment of excess profits tax for the calendar year 1942 in the amount of $48,258.91 resulting from the carry-back of an unused excess profits credit from the year 1944 to the year 1942, and the computation of interest in the amount of $5,765.99 which was refunded to plaintiffs has been made Exhibit "C" to the complaint in this cause, and same is by reference made a part hereof.

6. Cumberland Portland Cement Co. received a letter (30-day letter) from Mr. Joe F. Hale, Internal Revenue Agent in Charge at Nashville, Tennessee dated February 4, 1946, transmitting a report, dated December 21, 1945, of Mr. V. L. Eastland, the Examining Officer, for the calendar years 1941 through 1944. Said report of the Examining Agent proposed an overassessment of excess profits taxes for the calendar year 1942 in the amount of $3,542.-25 and in a preliminary statement explained said overassessment as follows:

The additional income tax and overassessment of excess profits tax for the year 1942 resulted from disallowance of reserve for repairs and reduction of capital stock tax, and excess credit carry-back from 1944.

The overassessment of income tax, declared value excess profits tax and excess profits tax for the year 1943 resulted from allowance of $45,000.00 repairs which was claimed but disallowed in 1942.

The 1944 overassessment of income taxes resulted from allowance of additional capital stock tax and reduction of capital loss.

Taxpayer filed claim for refund of excess profits tax for the year 1942 in the amount

of $54,941.17 which together with the additional income tax and declared value excess profits tax caused thereby, and the reduction in amount of Post War Refund Bonds amounted to a net amount of $25,028.76 due taxpayer according to its computation based on an excess profits credit carry-back from 1944.

It is recommended that the amount of overassessment of excess profits tax claimed by taxpayer for the year 1942 in the amount of $54,941.17 be not allowed, and it is recommended that additional income tax of $21,298.38 be assessed and that an overassessment of excess profits tax of $3,542.25 be allowed.

7. On April 26, 1946, Cumberland Portland Cement Co. filed a protest to the report of the Examining Agent. Subsequently, the Commissioner of Internal Revenue issued a deficiency notice (90-day letter) to Cumberland Portland Cement Co., dated January 24, 1947, which set forth the following deficiency assessments and overassessments for the years 1941 through 1944:

| | | Deficiency | Over-assessment |
|---|---|---|---|
| Income Tax Year | 1941 | $ 4,330.74 | |
| | 1942 | 21,298.34 | |
| | 1943 | | $14,882.28 |
| | 1944 | | 30.81 |
| Total | | $25,629.08 | $14,913.09 |
| Declared Value Excess Profits— Tax-Year | 1943 | | 5,584.84 |
| Excess Profits Tax-Year | 1941 | | 13,970.15 |
| | 1942 | | 3,542.15 |
| | 1943 | | 2,047.02 |
| Total | | $ | $19,559.32 |

8. On March 13, 1947, Cumberland Portland Cement Co. executed Treasury Department Form 874 entitled "waiver of restrictions on assessment and collection of deficiency in tax and acceptance of overassessment", agreeing to the proposed deficiency assessments and overassessments for said years 1941 through 1944 as set out in said deficiency notice dated January 24, 1947, which Form 874 was duly filed with the Office of the Internal Revenue Agent in Charge at Nashville, Tennessee.

## Conclusions of Law

1. This court has jurisdiction of the parties and of the subject-matter of the action by virtue of Title 28, United States Code, Sections 1340 and 1346.

2. The liability for tax arises as soon as the taxpayer's return is due and the Government is entitled to the amount of the deficiency.

3. The Government is entitled to use of funds due until the taxpayer's liability for the deficiency is extinguished and, having been deprived of that use, the Government is entitled to interest from the date due until the liability is extinguished whether or not the deficiency is assessed.

4. The assessment of interest by the Commissioner of Internal Revenue of the United States in the amount of $10,945.17 against plaintiffs on June 27, 1947, with respect to an unassessed deficiency of excess profits taxes for the calendar year 1942 in the amount of $44,716.66 without any assessment of a deficiency in taxes for the calendar year 1942 was entirely proper, and the case should be dismissed.

Judgment will be entered accordingly.