**STANDARD OIL COMPANY (New Jersey), Plaintiff-Appellant,**

v.

**Denis J. McMAHON, Individually and as District Director of Internal Revenue, Lower Manhattan, Defendant-Appellee.**

**No. 60, Docket 24135.**

United States Court of Appeals
Second Circuit.

Argued Jan. 17, 1957.

Decided April 26, 1957.

Hincks, Circuit Judge, dissented.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City (D. Nelson Adams, New York City, of counsel), for plaintiff-appellant.

Thomas B. Gilchrist, Jr., Chief Asst. U. S. Atty., for the Southern Dist. of New York, New York City (Howard A. Heffron and Miriam R. Goldman, Asst. U. S. Attys., New York City, of counsel), for defendant-appellee.

Before MEDINA and HINCKS, Circuit Judges, and LEIBELL, District Judge.

MEDINA, Circuit Judge.

This action was brought to enjoin the collection of an assessment of interest in respect of alleged "deficiencies"[1] in appellant's excess profits taxes for the years 1943 and 1944. The District Court ruled that it was without jurisdiction to grant the relief sought and dismissed the complaint. 139 F.Supp. 690. This appeal followed.

In its excess profits tax returns for the years 1943 and 1944 appellant claimed unused excess profits tax credit carryovers from the years 1941 and 1942, as a result of which it paid less in taxes than would otherwise have been due. Upon final audit of these returns some years later, the Commissioner disallowed a portion of these carryovers, thus determining "deficiencies" to that extent for the years in question. The Government does not seek to collect those asserted "deficiencies," inasmuch as they were abated, if they ever existed, by the application of an excess profits tax credit carryback in 1945.[2] The Government does, however, claim interest on the alleged "deficiencies" for the period during which it says there were such "deficiencies." Appellant, since it maintains that there never was any "deficiency," has resisted the claim for interest.

In 1954, the statutes of limitations having been extended by appropriate stipulations, the Government assessed the interest claimed. No notice of deficiency had been mailed. Appellant thereupon commenced this action to restrain collection of the assessment on the ground that Section 272(a) (1) of the Internal Revenue Code of 1939 prohibited such an assessment without a prior notice of deficiency. The sole issue before us is whether the procedure set forth in Section 272 is applicable.

That section provides:

"If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this chapter, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within ninety days after such notice is mailed * * * the taxpayer may file a petition with the Tax Court of the United States for a redetermination of the deficiency. No assessment of a deficiency in respect of the tax imposed by this chapter and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such ninety-day period, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. * * * *" 26 U.S.C.A. § 272(a) (1).

Section 272 had its origin in Section 274 of the Revenue Act of 1924, 43 Stat. 297. Before that time taxpayers were not permitted to litigate the correctness of the Commissioner's determination of tax until they had paid the amount claimed. In that year, the Congress established the Board of Tax Appeals (known since 1942 as the Tax Court) "to provide taxpayers an opportunity to secure an independent review * * * in advance of their paying the tax found by the Commissioner to be due. Before the

---

1. The term is defined in Section 271, Internal Revenue Code of 1939, 26 U.S. C.A. § 271. It does not include amounts due as interest.

2. 26 U.S.C.A. Excess Profits Taxes, § 710 (b) and (c).

Act of 1924 the taxpayer could only contest the Commissioner's determination of the amount of the tax after its payment. The Board's duty under the Act of 1924 was to hear, consider, and decide whether deficiencies reported by the Commissioner were right." Old Colony Trust Co. v. Commissioner of Internal Revenue, 279 U.S. 716, 721, 49 S.Ct. 499, 501, 73 L.Ed. 918.

The Tax Court's jurisdiction under Section 272 is on its face limited to situations in which "the Commissioner determines there is a deficiency," and the Tax Court has power only to redetermine such a "deficiency." Thus, it has no jurisdiction of questions which relate solely to the assessment of interest. Commissioner of Internal Revenue v. Kilpatrick's Estate, 6 Cir., 140 F. 2d 887; United States v. Globe Indemnity Co., 2 Cir., 94 F.2d 576; Standard Portland Cement Co. v. Commissioner of Internal Revenue, 3 Cir., 80 F.2d 585; Crolich v. United States, D.C., 144 F. Supp. 109; Guaranty Trust Co. of New York v. United States, D.C., 95 F.Supp. 776; Estate of Sloane, 3 T.C.M. 555, 570. Similarly, if prior payment has extinguished the "deficiency," there is no jurisdiction in the Tax Court even though this be contrary to the intention of the parties. Bendheim v. Commissioner of Internal Revenue, 2 Cir., 214 F.2d 26; McConkey v. Commissioner of Internal Revenue, 4 Cir., 199 F.2d 892; Superheater Co. v. Commissioner of Internal Revenue, 2 Cir., 125 F.2d 514; Walsh, 21 T.C. 1063; Anderson, 11 T.C. 841. The statutory procedure urged by appellant is applicable, of course, only where the Tax Court has jurisdiction, since the deficiency notice procedure was designed only to allow such a determination prior to payment.

Two points should be made very clear *in limine*. First, it is settled that the Government is entitled to interest if the asserted "deficiencies" did exist for a period of time. Manning v. Seeley Tube & Box Co., 338 U.S. 561, 70 S.Ct. 386, 94 L.Ed. 346. The only dispute in the case at bar relates to the proper procedure to be used. Second, the Government does not seek to prevent appellant from litigating the existence of the asserted "deficiencies." If the interest is collected under the challenged procedure, appellant will be free to litigate that issue in a suit for refund.

Appellant contends that, despite the fact that the Code couches the Tax Court's jurisdiction in terms of a present "deficiency," the Code as a whole indicates that the Congress meant the Tax Court to have jurisdiction whenever there is a "live" dispute concerning a "deficiency," past or present, so long as the taxpayer has not waived recourse to that tribunal. Appellant relies on two propositions, which it says are implicit in the Code: (1) that a taxpayer normally need not pay disputed sums without the opportunity to secure a prior adjudication, and (2) that a taxpayer is entitled to a determination by the Tax Court, irrespective of its right to litigate the issues in controversy in some other federal court, unless it has waived the right. These propositions, while distinct, are necessarily closely interrelated, as the only forum normally available for litigation prior to payment is the Tax Court.

The Government contends that appellant's claims have been rejected by cases holding that the deficiency notice procedure set forth in Section 272 is inapplicable where the Government is seeking to collect interest on abated "deficiencies," citing United States v. Koppers Co., 348 U.S. 254, 75 S.Ct. 268, 99 L.Ed. 302; Hastings & Co. v. Smith, 3 Cir., 224 F.2d 875; Rodgers v. United States, 123 Ct.Cl. 779, 108 F.Supp. 727; Cumberland Portland Cement Co. v. United States, D.C., 101 F.Supp. 577, affirmed per curiam 6 Cir., 202 F.2d 152. These cases are not dispositive of this appeal, however, for in each of them the taxpayer admitted the existence of the former "deficiency" but denied liability for interest on other grounds. Under these circumstances there would have been no point in insisting upon a deficiency notice, since, as noted above, the Tax Court

has no jurisdiction of questions relating solely to interest. But these cases are not totally inapplicable. In each of them the court approved a procedure whereby a taxpayer may be required to pay a disputed sum of interest without an opportunity to secure a prior determination. Thus, these cases are at odds with the first of appellant's two propositions. Furthermore, Subtitle B of the Code, 26 U.S.C.A. § 1250 et seq. imposes a host of taxes collectible without an opportunity for prior adjudication. We must conclude, therefore, that the Congress did not intend taxpayers to have a right to a prior adjudication in any and all circumstances. The Congress saw fit to limit this right to cases in which the Commissioner is asserting a present "deficiency" in respect of certain taxes and we are not at liberty to override that legislative determination.

The second of appellant's propositions is that a taxpayer who has not waived recourse to that tribunal is entitled as of right to secure a Tax Court determination of his contentions relating to the existence of a "deficiency." It points out that, even where a jeopardy assessment has been made, specific provision is made to preserve to the taxpayer an opportunity to secure a Tax Court adjudication although there is no present "deficiency." Section 273(b). Appellant finds the provision of Section 271(b) "a further indication of Congressional intent to permit taxpayers to avail themselves of the jurisdiction of the Tax Court in all cases except where they waive their rights by voluntary payment in advance." This section eliminates from consideration in determining "deficiencies," required payments of estimated tax.

But appellant overlooks the provisions of Section 274, which specifically provide for assessment of "deficiencies" without recourse to the Tax Court following an adjudication of bankruptcy or the appointment of a receiver. Thus, even in this instance of involuntary payment, the Congress has denied the taxpayer access to the Tax Court. In addition, it is undisputed that a mistaken overpayment in one respect will prevent the taxpayer from litigating other questions in the Tax Court if no net "deficiency" results. It is clear that such a taxpayer has not voluntarily waived the opportunity to litigate in the Tax Court. Moreover, it is inconceivable that the Congress considered the right to litigate in the Tax Court rather than in some other federal court a matter of significance, since it unequivocally denied the opportunity to any taxpayer who promptly paid an asserted "deficiency." We do not believe that the Congress meant to discriminate against dutiful taxpayers or that it intended to discourage prompt collection of revenue. We accordingly reject appellant's second proposition.

■ We find no overriding policy which requires us to depart from the normal rule that the jurisdiction of the Tax Court depends upon the assertion of a present "deficiency." As the 1945 carryback precluded the Commissioner from asserting such a "deficiency," the Tax Court is without jurisdiction of the dispute in the case at bar. Accordingly it was not necessary for the Commissioner to send appellant a deficiency notice as a condition precedent to assessment of the interest on the asserted former "deficiencies."

Affirmed.

HINCKS, Circuit Judge (dissenting).

The case turns on § 272 of the Code of 1939 [1] which says: "If * * * the Commissioner determines that there is a deficiency * * *" (emphasis supplied), within ninety days after notice by the Commissioner "the taxpayer may file a petition with the Tax Court of the United States for a redetermination of the deficiency."

1. All references in this opinion to statutory sections and titles are to the Internal Revenue Code of 1939, unless otherwise indicated.

The cardinal objective of § 272[2] was to provide a procedure whereby at his option the taxpayer might obtain an independent review of the tax deficiency as determined by the Commissioner in advance of payment. Old Colony Trust Co. v. Commissioner of Internal Revenue, 279 U.S. 716, 721, 49 S.Ct. 499, 73 L.Ed. 918; Everett Knitting Works, 1 B.T.A. 5; Ventura Consolidated Oil Fields v. Rogan, 9 Cir., 86 F.2d 149, certiorari denied 300 U.S. 672, 57 S.Ct. 610, 81 L. Ed. 878. Not only did the optional procedure thus provided enable the taxpayer to litigate the deficiency in advance of payment, but also it afforded other advantages both practical and legal. For instance, a taxpayer might occasionally desire a redetermination by the Tax Court—a tribunal composed of tax specialists—in preference to a plenary action in a district court, especially if the former were able to act and decide more promptly. Review by the Tax Court might be preferred because there the Commissioner cannot depart from the position taken in his notice of deficiency without assuming the burden of proof. Tauber, 24 T.C. 179, 185; Briggs, 15 T. C.M. 440, 451 (April 16, 1956). More important considerations are that in an action at law on a claim for a refund in the district court the burden is on the taxpayer to disprove every justification advanced by the Government for retaining the tax payment and that Government claims against the taxpayer, even though barred by the statute of limitations, may be offset against his claim for refund. Lewis v. Reynolds, 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293; United States v. Pfister, 8 Cir., 205 F.2d 538.

The very fact that § 272(a) (1) expressly gives the taxpayer a right to enjoin assessment and collection until he has been given the prescribed opportunity for a redetermination by the Tax Court, shows that Congress considered the right important. Its importance is further attested by the legislative care to provide opportunity for a redetermination by the Tax Court even in cases of jeopardy assessments under § 273(b) and (c).

The defendant-collector argues[3] that a taxpayer's access to the Tax Court under § 272 depends literally upon the existence of the stated condition, viz.: a determination by the Commissioner "that there *is* a deficiency,"—that is to say, a deficiency in existence when the determination is made; that if the Commissioner defers his determination until a once-existing deficiency shall have been eliminated by the accrual of a carry-back under § 710 of the Code as amended, the result is that § 272 is no longer applicable and the taxpayer can challenge a determination of the deficiency which, although discharged by a carry-back, gave rise to a continuing liability for interest, only by paying the interest assessed and then suing in the district court for its recovery. In other words, the defendant maintains that although § 272 entitles a taxpayer to a redetermination by the Tax Court of a disputed deficiency for the purpose of assessing and collecting the principal amount of a tax deficiency, it does not entitle him to a redetermination for the purpose of assessing and collecting interest on a disputed tax deficiency. My brothers seem to have accepted this contention.

2. Section 272 by its express terms is applicable to taxes "imposed by this chapter," i. e., Chapter 1 of Subtitle A, which includes income and excess profits taxes. That it is not applicable to the comparatively simple miscellaneous taxes imposed under Subtitle B of the Code is a fact which, though noted in the majority opinion, I find of no pertinence to the problem presented by this appeal which involves a disputed deficiency asserted under the complex provisions of the law imposing excess profits taxes.

3. Implicit in this argument is the proposition that under the rule of Manning v. Seeley Tube & Box Co., 338 U.S. 561, 70 S.Ct. 386, 94 L.Ed. 346, when a deficiency exists for a time until abated or canceled by a carry-back, the liability for interest accruing on the deficiency during the period of its existence survives the abatement of the deficiency by the carry-back. The appellant does not dispute this proposition.

With this thesis I am unable to agree. Section 272(a) of the 1939 Code derives from § 274 of the Act of 1924 and first appeared in its present form in § 272 of the Act of May 28, 1938, c. 289, 52 Stat. 535. In 1938, there was no provision under then existing tax law for a carry-back the effect of which might be to discharge or abate an existing deficiency: under the structure of that tax law as it then existed *every* deficiency in the tax reported, unless voluntarily reported and paid by the taxpayer, continued in existence until determined by the Commissioner. Consequently, under the Act of 1938—as also under the Code of 1939—§ 272 was intended to apply, and literally did apply, to every deficiency determined by the Commissioner: the taxpayer at his option could utilize the § 272 procedure to obtain a redetermination of each and every deficiency in the tax law which the Commissioner was authorized to determine.

When the device of the carry-back was introduced into the structure of the income and excess profits tax law by the Revenue Act of 1942,[4] the obvious purpose was to provide for the reduction of the taxpayer's tax liability and thus to reduce or abate any possible or asserted deficiency which might otherwise be determined,—not to rescind or modify the taxpayer's rights under § 272 to a redetermination *of disputed deficiencies*. There is no Congressional history to show, and no conceivable reason to suggest, an intent to exclude from the § 272 review, which had been provided for every deficiency, deficiencies which, if they ever existed, had been abated by a carry-back accrued prior to the determination of the deficiency. Under § 292 of the Code, interest on a tax deficiency accrues as an integral part of the tax liability: interest and principal are assessed and collected at the same time and by the same procedure. An authoritative determination of a deficiency is a pre-requisite to the accrual of the taxpayer's liability not only for the principal of the deficiency but also for interest thereon. If a taxpayer is entitled to a redetermination by the Tax Court of the Commissioner's determination of an existing deficiency prior to the assessment of the deficiency and of interest thereon, I think he is equally entitled to such a redetermination of a disputed deficiency, which—if it ever did exist—had been abated as a result of a carry-back, prior to the assessment of interest thereon. Otherwise a semantic accident operates to frustrate the legislative objective.

Although, as my brothers have noted, the procedure provided in § 274 for the liquidation of claims against bankrupt taxpayers is somewhat different from that generally provided for the determination of deficiencies, I am unable to see how that difference strengthens the defendant's position. Surely the fact that in a bankruptcy case the *Commissioner must prove* his claim in the bankruptcy court thus entitling the taxpayer to an adjudication *in advance of payment,* as § 274 provides, does not suggest that a solvent taxpayer may *not* petition the Tax Court for a final determination of a deficiency *in advance of payment.*

The cases cited by the Government, and indeed those cited by my brothers, seem to me not to justify the dismissal below. It will serve no useful purpose to analyze these cases individually. In some, as the majority opinion notes, "the court approved a procedure whereby a taxpayer may be required to pay a disputed sum of interest without an opportunity to secure a prior determination." But in none of these cases was the dispute as to interest an underlying and consistently maintained dispute as to the validity of the Commissioner's determination of the deficiency upon which the claim of interest depended.

I would hold that for failure to comply with the procedure prescribed by § 272

---

4. Section 153 of the 1942 Act, § 122 of the 1939 Code as amended, provided for the carry-back of net operating loss deductions. And § 204 of the 1942 Act, § 710(c) of said Code as amended, provided for the carry-back of unused excess profits credits.

there has been no valid assessment. The fact that the statute of limitations has run so that it is now too late for the Commissioner to make an enforceable assessment after compliance with § 272, is of course not a pertinent consideration. I would reverse in order that the appellant might have the injunctive relief under § 272 to which—as I believe—it is entitled.