### UNITED STATES of America
### v.
### L. B. BOLT, Jr., George W. Bailey, and Paul Henderson, Executors-Trustees of the Estate of Edgar L. Grubb, Deceased.

Civ. A. No. 5212.

United States District Court
E. D. Tennessee, N. D.

Aug. 18, 1965.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., John H. Carey, Asst. U. S. Atty., Knoxville, Tenn., Frank N. Gundlach, Tax Division, Washington, D. C., for plaintiff.

L. B. Bolt, Jr., William P. Newkirk, Bolt & Newkirk, Knoxville, Tenn., for defendants.

ROBERT L. TAYLOR, Chief Judge.

This action was filed by the Government to collect an income tax liability from the estate of the late Edgar L. Grubb.

Defendants, L. B. Bolt, Jr., George W. Bailey and Paul Henderson are the Executors and Trustees of the Grubb estate. The amount claimed is $24,323.08, which represents interest items for the taxable periods of 1942 through 1945, inclusive. Installment payments were made over a period of many months, totaling $338,-530.69. Final payment of $34,386.82 was made in April, 1964 after Mr. Davis, the accountant for the defendant, had talked with Mr. Faragher, Chief, Procedures Section. Mr. Faragher told Mr. Davis that the payment of this amount would settle the estate tax in full. A certificate of release of the tax lien against the property of the estate was issued on the 28th day of April, 1964 by the District Director of Internal Revenue, James A. O'Hara, and signed by Mr. Faragher as Chief, Procedures Section. The release was received by the defendants on the 7th day of May, 1964 and placed of record in Knox County on the same date.

On the date that Mr. Faragher learned that the check had been received, he found out that his clerk had made a mistake by omitting interest for the years 1942, 1943, 1944 and 1945. Upon ascertaining this mistake, he called Mr. Bolt's law office in Knoxville and, in the absence of Mr. Bolt, advised his law partner, Mr. Newkirk, of the mistake. On the same day, he explained the mistake in a letter to Mr. Bolt.

The principal question for decision is whether or not the Government is entitled to collect $24,323.08 for unpaid interest on a stipulated liability, which was incorporated into a decision by the Tax Court of the United States on November 6, 1963 when the representatives of the taxpayer, after making several payments on the tax deficiency, inquired as to the remaining amount due and after being advised of such amount paid it by check marked "Final Settlement of E. L. Grubb's Income Tax Liability."

Defendants contend that the last amount paid on April 24, 1964 represented a compromise figure and that the

Government waited until May 7, 1964, or a period of thirteen days, before giving a full and complete release certifying that all taxes, interest and penalties owed by the estate had been paid in full.

The Government contends that the tax liability was not compromised; that the amount in question represents accrued interest on the liabilities found by the Tax Court to be due and that interest continues to accrue until date of payment; that since the interest was not paid in full due to a mistake in computation, the amount of $24,323.08 is presently owed by the estate and that the filing of the certificate of release of lien merely extinguished the lien but did not discharge the remaining liability nor prevent its collection.

Following a petition for a redetermination of the deficiency arising from the original assessment, the Tax Court on May 29, 1961 entered an opinion against the taxpayer, Edgar L. Grubb, for deficiencies in income taxes and penalties for the years 1941 through 1945, inclusive. A decision based on the opinion was entered by the Tax Court on July 12, 1961.

Taxpayer filed a petition for review of the decision of the Tax Court with the United States Court of Appeals for the Sixth Circuit, without filing a supersedeas bond with the petition. Since no supersedeas bond was filed on the appeal, the District Director at Nashville on August 30, 1961 assessed and gave notice and demand for payment of income taxes, additional income taxes, penalties and interest thereon for the taxable years 1941 through 1945 against the taxpayer, as follows:

| Taxable Period | Income Tax | Add. to Tax (IRC of 1939, Sec. 293(b)) | Interest to Date Noted |
|---|---|---|---|
| 1941 | $13,006.62 | $ 6,620.97 | $15,184.78 to 8/30/61 |
| 1942 | 27,626.11 | 13,813.06 | 30,594.95 to 8/30/61 |
| 1943 | 25,304.29 | 12,652.12 | 18,596.92 to 6/14/56 |
| 1944 | 51,959.81 | 25,979.91 | 51,308.53 to 8/30/61 |
| 1945 | 31,738.25 | 15,869.13 | 29,436.14 to 8/30/61 |

Also on August 30, 1961, the District Director of Internal Revenue assessed additional liabilities and gave notice and demand for payment against Edgar L. Grubb as follows:

| Taxable Year | Income Tax | Interest to Date Noted |
|---|---|---|
| 1942 | $1,527.27 | $1,691.40 to 8/30/61 |
| 1943 | 763.63 | 561.21 to 6/14/56 |

Notice of federal tax lien was filed with the Register, Knox County, Tennessee on October 31, 1961 for the above assessment in the amount of $347,806.29.

The Court of Appeals, in an opinion filed on April 9, 1963 and reported in Grubb v. Commissioner of Internal Revenue, 315 F.2d 753, affirmed that portion of the Tax Court's decision which found petitioner-taxpayer guilty by clear and convincing evidence of the willful filing of false returns for the taxable years. The Court of Appeals in that connection said:

"* * * we cannot say that the Tax Court's determination was clearly erroneous." p. 758.

The Court of Appeals also found that there was no evidence that petitioner-taxpayer had cash on hand (as the Tax Court found) in the amount of $14,965.-

75 on December 31, 1940 and the same amount of cash on hand at the close of 1941, 1942, 1943 and 1944 and that the amount of cash on hand at the close of 1945 was double the amount of any other years. It further found:

"* * * The computations of cash on hand found by the Tax Court are arbitrary and, as far as can be ascertained, based on a guess. Accuracy in the determination of opening net worth is necessary in net worth cases, and accuracy in the determination of cash on hand at the opening of the net worth period is necessary to establish the opening net worth. * * *" p. 759.

The Court stated that when it is determined that the "Commissioner is found to be wrong, it is not incumbent on the taxpayer to prove that he owes no tax, or what tax he did owe." Further:

"After finding that the Commissioner was mistaken in his computations of petitioner's cash on hand, the Tax Court erred in holding that the burden was upon the taxpayer to establish what amounts of cash he had on hand at the end of any of the years 1940–1945." p. 759.

The decision of the Tax Court was reversed and remanded for further proceedings.

After the Court of Appeals' decision there was some interchange of correspondence and communication between representatives of the Government and representatives of the taxpayer with respect to the amount of cash on hand in the opening net worth statement and on November 6, 1963 pursuant to a stipulation of tax liabilities signed by Ben Kohler, Jr., counsel for petitioner, and R. P. Hertzog, Acting Chief Counsel, Internal Revenue Service, the Tax Court rendered a decision with reference to income taxes for the years 1941–1945 based upon $40,-000.00 cash on hand in the opening net worth statement rather than the $14,-965.75 found by the Court of Appeals to be a guess. In passing, the Court notes that computations based upon this decision resulted in an overpayment for the

taxable year 1941 of $3,498.12 and Exhibit A to the stipulated tax computations shows an increase in net worth for 1941 of $6,703.89 and for 1942 of $38,429.26, with decreases in net income of $28,405.-62 for 1941 and $11,594.38 for 1942. Thus, it is not true as claimed by the defendants that the taxes, penalties, etc. were computed on the same basis as they were before the decision of the Court of Appeals.

The computations upon which the Tax Court decision was made were participated in on behalf of defendants by Ben W. Davis, Certified Public Accountant, and to some extent by the two attorneys who at that time were representing the defendants. No interest was included in the liabilities set forth in the Tax Court decision. The deficiencies set forth in said decision were less than the amounts originally assessed and the over-assessments were abated. The bases for the computations were not the same as were set forth in the review before the Court of Appeals as contended for by the taxpayer. The letter of Mr. Kohler to Regional Counsel Henry C. Stockell, Jr., dated August 28, 1963, indicated that the basis was not the same. Mr. Davis' letter of September 30, 1963 to Mr. Kohler also indicates that the basis was not the same.

Exhibit 2, being the computation upon which the decision of the Tax Court was based, bears on its face the following notation signed by Ben Kohler, Jr.:

"It is agreed that the tax computation is in accordance with the opinion of the United States Court of Appeals for the Sixth Circuit."

This Court is of the opinion and finds that on the remand to the Tax Court by the Court of Appeals, the basis for the assessment of tax deficiencies was different, but if it was not different, the defendants or their representatives participated in them and agreed to them.

Subsequent to the decision of the Tax Court on November 6, 1963, representatives of defendants and the Internal Revenue Service discussed payment of the liability determined by the Tax Court, but no compromise settlement was reach-

ed with respect to the tax liability or the interest which has accrued thereon. The witness or witnesses who testified on the subject stated that the question of interest was not mentioned during the negotiations.

After many payments had been made on the tax liability to save interest, Mr. Ben Davis requested of the Internal Revenue Service a summary of the assessments and payments reflecting the tax liability and such a summary was supplied in a letter to Mr. Davis from Mr. Faragher dated March 21, 1964. Mr. Faragher concluded the letter by stating: "As you know, interest continues to run on decedent cases."

The remaining liabilities, as set forth in the letter of March 31, 1964 to Mr. Davis, and interest to date of payment, as computed by the Internal Revenue Service, were paid by the defendants, as previously pointed out, by check dated April 24, 1964 bearing a notation "Final Settlement of E. L. Grubb's Income Tax Liability," and a certificate of release of federal tax lien was given to the defendants and the said certificate was filed on May 7, 1964 in Knox County, Tennessee.

Defendants accepted the figures supplied by Mr. Faragher in the letter of March 31, 1964 as the correct remaining balance on the liability and the check was issued by the defendants and was intended by them to be the final payment on the liability found by the Tax Court based upon the stipulation and computations, plus statutory interest.

The following notation appeared on the certificate of release:

"I hereby certify that as to the following-named taxpayer the requirements of Section 6325(a), Internal Revenue Code of 1954, have been satisfied with respect to the taxes enumerated below, together with all statutory additions provided by Section 6321; and that the lien for such taxes and statutory additions has thereby been released. The proper officer in the office where notice of internal revenue tax lien was filed on October 31, 1961 is hereby authorized to make notation on his books to show the release of said lien, insofar as the lien relates to the following taxes."

The taxes listed were:

| Year or Taxable Period | Amount of Assessment |
| --- | --- |
| 1941 | $34,812.37 |
| 1942 | 72,034.12 |
| 1942 | 3,218.67 |
| 1943 | 561.21 |
| 1943 | 30,888.15 |
| 1944 | 129,248.25 |
| 1945 | 77,043.52 |

The assessment date for each of these assessments was given as August 30, 1961.

As previously pointed out, the Internal Revenue Service on May 7, 1964 determined that the interest on the accounts for the taxable years 1942, 1943, 1944 and 1945 had been erroneously computed in determining the balance due on the accounts for those taxable years. The erroneous computations resulted in the omission of $24,323.08 (the amount and basis for this lawsuit) in accrued interest from the said accounts. The correct computations show accrued interest due as follows:

| Taxable Year | Accrued Interest | Accrual Date | Accrued Interest Paid | Balance Due |
| --- | --- | --- | --- | --- |
| 1941 | None | ———— | ———— | ———— |
| 1942 | $ 7,075.89 | 2/7/64 | $ 2,663.58 | $ 4,412.31 |
| 1943 | 4,519.40 | 2/7/64 | 1,739.31 | 2,780.09 |
| 1944 | 17,902.06 | 2/7/64 | 809.64 | 17,092.42 |
| 1945 | 11,749.22 | 5/7/64 | 11,710.96 | 38.26 |
| Total | $41,246.57 | | $16,923.49 | $24,323.08 |

The additional accrued interest in the amount of $24,323.08 on the liability remains unpaid.

The figures set forth in the letter to Mr. Davis from Mr. Faragher dated March 31, 1964 were accepted by the defendants as the correct remaining balance on the liability as determined by the Tax Court decision dated November 6, 1963 and the check dated April 24, 1964 to the Internal Revenue Service was in settlement of the amount which the letter stated was due but was not in payment or compromise of a disputed liability. The check simply was intended to be the final payment of the stipulated liability by the Tax Court, plus statutory interest as computed by the Internal Revenue Service.

■ In the opinion of this Court, this letter of March 31, 1964 and the check issued responsively thereto did not constitute a complete and final settlement although the writer of the letter and the senders of the check believed that the check would settle in full the taxes owed by the estate.

The omitted interest item was due and was fixed by law. The check did not constitute a settlement. The first paragraph of the letter indicated that the figures were simply a summary of the assessments and payments made in the case of decedent and as has been noted following Mr. Faragher's signature it was stated, interest continues to run on

decedent cases. Although defendants thought and had reason to think after the certificate of release was received that the check for $34,386.82 would indeed constitute final settlement of E. L. Grubb's income tax liability, it in fact did not and Mr. Faragher's notation on his letter indicated that it was not necessarily a settlement of interest.

The 1939 Internal Revenue Code requires payment of simple interest at the rate of 6% from the due date until paid.[1]

■ The Grubb estate taxes were due on March 15, 1943, March 15, 1944, March 15, 1945 and March 15, 1946. Starting on those dates, the Government is entitled to interest. Cumberland Portland Cement Co., et al. v. United States, 101 F.Supp. 577 (D.C.M.D.Tenn., 1952), aff'd 202 F.2d 152 (C.A.6, 1953).

■ Interest that was assessed on March 30, 1961 was computed on the unpaid tax liability from the date when the liabilities were due. Interest items were explained by the witness Beasley and are shown on Exhibit 15. Interest continues to run at the 6% rate on unpaid assessed liability from the date of notice and demand until paid.[2] Ingannamorte v. United States, 189 F.Supp. 341 (D.C.N.J., 1960); United States v. Glasser, et al., 287 F.2d 433 (C.A. 7, 1961).

■ The Tax Court only determines deficiencies and not interest. Standard Oil Co. v. McMahon, 244 F.2d 11 (C.A. 2, 1957).

1. Section 294(a) (1) of the 1939 Internal Revenue Code (26 U.S.C. § 294(a) (1) (1952 Ed.)) provides:
"Where the amount determined by the taxpayer as the tax imposed by this chapter, or any installments thereof, or any part of such amount or installment, is not paid on or before the date prescribed for its payment, there shall be collected as a part of the tax, interest upon such unpaid amount at the rate of 6 per centum per annum from the date prescribed for its payment until it is paid."

2. Section 294(b) of the Internal Revenue Code of 1939 (26 U.S.C. § 294(b) (1952 Ed.)) provides:
"(b) Deficiency.—Where a deficiency, or any interest or additional amounts

assessed in connection therewith under section 292, or under section 293, or any addition to the tax in case of delinquency provided for in section 291, is not paid in full within ten days from the date of notice and demand from the collector, there shall be collected as part of the tax, interest upon the unpaid amount at the rate of 6 per centum per annum from the date of such notice and demand until it is paid. If any part of a deficiency prorated to any unpaid installment under section 272(i) is not paid in full on or before the date prescribed for the payment of such installment, there shall be collected as part of the tax interest upon the unpaid amount at the rate of 6 per centum per annum from such date until it is paid."

Section 7486 of the 1954 Internal Revenue Code[3] provides that if the amount of deficiency determined by the Tax Court is disallowed, in whole or in part, the amount disallowed shall be credited (abated) to the taxpayer if collection has not been made.

 Apart from the very real question, whether under the 1939 Internal Revenue Code (Title 26 U.S.C. Sec. 3761), the 1954 Internal Revenue Code (26 U.S.C. Section 7122) and Income Tax Regulations of the Internal Revenue Code of 1954 (Section 301.7122–1) Mr. Faragher had authority to compromise the tax claim, even if the facts were as claimed by defendants, (Botany Worsted Mills v. United States, 278 U.S. 282, 288, 49 S.Ct. 129, 73 L.Ed. 379) in this Court's opinion, the stipulation and decision of the Board of Tax Appeals fixing the principal amount of disputed taxes and deficiencies due did not discharge defendants' liability for interest. United States v. Globe Indemnity Co., 94 F.2d 576 (C.A. 2). See also, Royal Indemnity Co. v. United States, 313 U.S. 289, 61 S.Ct. 995, 85 L.Ed. 1361.

The Court must conclude that even though the Special Procedures Section was incredibly remiss in issuing the certificate of release prior to the discovery of the additional interest items aggregating $24,323.08, this item was not settled by the issuance of the check and the certificate of release.

In view of the regrettable laxity which the Court has recounted, it reluctantly reaches the conclusion that the defendants are liable for this interest and enters a judgment against the defendants for $24,323.08.

After the trial was concluded, the Government filed a supplemental memorandum of law, to which was attached an affidavit of Richard H. Elrod, who was appointed Acting District Director for the State of Tennessee, purporting to show that the interest assessed on August 30, 1961 for each of the taxable years 1942, 1943, 1944 and 1945 was computed on the additional income tax liability for each year but that no interest was assessed on the penalties incurred with respect to the additional income tax liability.

Defendants have moved to strike the affidavit upon the grounds that the filing of an ex parte affidavit after the trial is irregular; that affiant did not appear at the trial for cross-examination and that the figures used by him were voided by the August 30, 1961 assessment. The motion is sustained for the reason that the affiant was not present at the trial for cross-examination.

3. "SEC. 7486. REFUND, CREDIT OR ABATEMENT OF AMOUNTS DISALLOWED.

In cases where assessment or collection has not been stayed by the filing of a bond, then if the amount of the deficiency determined by the Tax Court is disallowed in whole or in part by the court of review, the amount so disallowed shall be credited or refunded to the taxpayer, without the making of claim therefor, or, if collection has not been made, shall be abated."