T.C. Memo. 1996-219


UNITED STATES TAX COURT


MICHELLE BIRD MEYERS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 560-95.                                    Filed May 7, 1996.


Michelle Bird Meyers, pro se.

<u>Bryan E. Sladek</u>, for respondent.


MEMORANDUM OPINION

COUVILLION, <u>Special Trial Judge</u>:  This case was heard
pursuant to section 7443A(b)(3)[1] and Rules 180, 181, and 182.

Respondent determined a deficiency of $1,589 in petitioner's
1981 Federal income tax.

------

[1]    Unless otherwise indicated, section references are to the
Internal Revenue Code in effect for the year at issue.  All Rule
references are to the Tax Court Rules of Practice and Procedure.

After concessions by respondent,[2] the issues for decision are:  (1) Whether petitioner has unreported wage income of $12,031.22; (2) whether petitioner is entitled to certain medical and unreimbursed employee business expense deductions; and (3) whether the interest due on any deficiency in petitioner's Federal income tax for 1981 may be abated.

Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference.  At the time the petition was filed, petitioner's legal residence was Sacramento, California.

Petitioner did not file a Federal income tax return for 1981.  During 1981, petitioner received wages from the following employers in the following amounts:

| Employer | Wages |
| --- | --- |
| Lasher Service Corp. | $ 5,842.91 |
| Swift Chevrolet | 670.82 |
| Inland Business Machines | 5,517.49 |
| Total | $12,031.22 |

In the notice of deficiency, respondent determined petitioner's taxable income and income tax deficiency based on single filing status, one personal exemption, and the income information received from the payers shown above.

_____

[2]    Respondent concedes that petitioner is entitled to head of household filing status and a dependency exemption for her son for 1981.

The determinations of the Commissioner in a notice of deficiency are presumed correct, and the burden of proof is on the taxpayer to prove that the determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933).

Section 61 provides that gross income means all income from whatever source derived, including wage and salary income. Sec. 1.61-1, Income Tax Regs. Accordingly, the wages received by petitioner during 1981 totaling $12,031.22 constitute taxable income. Respondent is sustained on this issue.

At trial, petitioner claimed that she is entitled to deductions for medical expenses and employee business expenses for travel incurred by her during 1981. The medical expenses incurred by petitioner relate to two car accidents, in February and October 1981, and a 30-day substance abuse program. With respect to the car accidents, petitioner claims that emergency room costs of approximately $600 and chiropractic treatments of approximately $350 were not covered by insurance. With respect to the substance abuse program attended by petitioner in June 1981, petitioner claims that her medical insurance did not cover $1,960 of the $9,780 cost of the program. Other than one chiropractic statement indicating charges of $94 on December 21, 1981, petitioner did not present any documentary evidence to substantiate the claimed expenses.

With respect to the unreimbursed employee business expenses, petitioner claims that, while she was employed by Inland Business Machines in outside sales, she traveled, in her own car, sometimes several hundred miles a day selling office equipment. Petitioner estimated she traveled 22,000 business-related miles in her car during 1981. Petitioner claims she is entitled to deductions of $4,800 for mileage and $50 for parking fees and tolls.

All taxpayers are required to keep sufficient records to enable the Commissioner to determine their correct tax liability. Sec. 6001; Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965). Moreover, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, supra. This includes the burden of substantiation. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

As a general rule, if the record provides sufficient evidence that the taxpayer has incurred a deductible expense, but the taxpayer is unable to adequately substantiate the amount of the deduction to which he or she is otherwise entitled, the Court, in some situations, may estimate the amount of such expense and allow a deduction to that extent. Cohan v.

Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). However, in order for the Court to estimate the amount of an expense, there must be some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985). Without such a basis, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

With respect to the medical expenses claimed by petitioner, pursuant to Cohan v. Commissioner, supra, the Court is satisfied that petitioner incurred $500 of the expenses claimed and, therefore, is entitled to a deduction for that amount, subject to the 5-percent limitation of section 213(a). With respect to petitioner's unreimbursed employee business expenses for travel, which specifically include vehicle expenses, section 274(d) overrides the so-called Cohan rule. Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969). Under section 274(d), no deduction may be allowed for expenses incurred for travel on the basis of any approximation or the unsupported testimony of the taxpayer. Section 274(d) imposes stringent substantiation requirements to which a taxpayer must strictly adhere. Thus, that section specifically proscribes deductions for travel expenses in the absence of adequate records or sufficient evidence corroborating the taxpayer's own statement. Petitioner failed to present sufficient evidence to meet the requirements of section 274(d) with respect to

unreimbursed employee expenses for travel.  Petitioner, therefore, is not allowed a deduction for these expenses.

Finally, petitioner contends that the interest due on any deficiency under section 6601 should be abated.  With the exception of a limited grant of jurisdiction under section 7481(c), this Court has no jurisdiction to abate or reduce interest on deficiencies and thus is unable to afford the requested relief.  Standard Oil Co. v. McMahon, 244 F.2d 11, 13 (2d Cir. 1957); Rutland v. Commissioner, 89 T.C. 1137, 1155 (1987); LTV Corp. v. Commissioner, 64 T.C. 589, 597 (1975); Hudgins v. Commissioner, 55 T.C. 534, 538 (1970).  Section 7481(c), by its very terms, is inapplicable in this case.  Under that limited grant of jurisdiction, the Tax Court may reopen a closed case under limited circumstances solely to determine if the amount of statutory interest calculated by the Commissioner and paid by the taxpayer was correctly computed.  Bax v. Commissioner, 13 F.3d 54, 58 (2d Cir. 1993).

Section 6404(e)(1)(A) provides generally that the Secretary may abate the assessment of all or any part of the interest on any deficiency attributable in whole or in part to any error or delay by any officer or employee of the Internal Revenue Service, acting in  his official capacity, in performing a ministerial act.  In 508 Clinton Street Corp. v. Commissioner, 89 T.C. 352, 354-355 (1987), it was held that this Court has no jurisdiction

over the abatement of interest under section 6404(e) as that provision, by its very terms, does not operate until after there has been an assessment of interest.  There has been no assessment of interest in this case as respondent has been precluded under section 6213(a) from making any assessment until the decision of this Court becomes final.

Decision will be entered under Rule 155.