CARL C. COSTANZA AND LENA COSTANZA, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Costanza v. Commissioner
Docket No. 34078-83.
United States Tax Court
T.C. Memo 1985-317; 1985 Tax Ct. Memo LEXIS 311; 50 T.C.M. (CCH) 280; T.C.M. (RIA) 85317; 6 Employee Benefits Cas. (BNA) 1958; July 1, 1985. Carl C. Costanza, pro se. Andrew P. Fradkin, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: This case was assigned to and heard by Special Trial Judge Joan Seitz Pate pursuant to section 7456(c) and (d) of the Internal Revenue Code of 1954, as amended, General Order No. 8 (81 T.C. XXIII) (1983) and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[1] The Court agrees with and adopts the opinion of the Special Trial Judge which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PATE, Special Trial Judge: Respondent *313 determined a deficiency in petitioners' 1980 Federal income and self-employment taxes in the amount of $7,615.07. After a concession by petitioner, the issues for our decision are (1) whether the special ten-year-averaging provisions under section 402(e) may be used with respect to distributions received from an individual retirement account; (2) whether self-employment tax is payable on amounts received for secretarial services; and (3) whether, if we find a deficiency in petitioners' Federal income taxes for 1980, the interest on the deficiency may be abated. Carl C. Costanza and Lena Costanza, his wife, filed a joint Federal income tax return for 1980. They resided in Elk Grove, Illinois at the time the petition in this case was filed. Individual Retirement Account Distribution
Petitioner, Carl Costanza, was employed as an engineer by Bell and Howell, Inc. In January 1978, he retired and received a lump-sum distribution from his employer's qualified pension plan. He "rolled over" [2] this lump-sum distribution into an individual retirement account (IRA) with his bank. Petitioner withdrew the entire amount from his IRA in December 1980, when he was over the age of *314 fifty-nine and a half. For the year 1980, petitioner received two Forms 1099R from his bank setting forth IRA distributions of $3,207.90 and $14,150.67, respectively. These forms indicated that the amounts paid qualified as "lump-sum distributions." Therefore, petitioners elected to report the total amount, $17,358.57, on Form 4972 utilizing the special ten-year-averaging method for lump-sum distributions from qualified retirement plans. It is respondent's position that the special ten-year-averaging rules of section 402(e) are not applicable to distributions from IRAs. [3] Petitioner contends that he should be afforded the benefits of section 402(e) because he was advised by his banker that the distributions would so qualify. The rules governing taxation of distributions from IRAs are set forth in section 408, not section 402. This section provides that any amount paid from an IRA shall be included in gross income for the taxable year in which the payment is received. The basis in such an account is zero. *315 Section 408(d)(1); Section 1.408-4(a)(2), Income Tax Regs.
An examination of the legislative history reveals that the intent underlying section 408 is consistent with respondent's determination. The conference committee explained: [4]
Generally, the individual is to have a zero basis in his individual retirement account and the proceeds are to be fully taxable when distributed. These distributions are not to be eligible for capital gains treatment, or the special averaging rules applicable to lump-sum distributions from qualified plans (although the general averaging rules of sec. 1301 are to be available). * * * Petitioner asks this Court to waive those rules because he was informed by his banker that the distributions would qualify for ten-year-averaging. Although we realize that petitioners must have been greatly dismayed when they learned that the tax treatment counseled by their banker was not available to them, we cannot grant them the relief that they ask. We simply have no power to ignore the plain meaning of the statutory language contained in section 408. Commissioner v. Gooch Co.,320 U.S. 418, 422 (1943); *316 Pesch v. Commissioner,78 T.C. 100, 130-131 (1982); Estate of Rosenberg v. Commissioner,73 T.C. 1014, 1017-1018 (1980). Accordingly, we sustain respondent on this issue. Self-Employment Income
Petitioner, Lena Costanza, worked during 1980 as a secretary and she received $3,840 from the person using her services. No social security or withholding taxes wers deducted from the payments she received, nor did she receive either a Form W-2 or Form 1099 reflecting this income. Petitioners reported these receipts on their tax return as "other income," but did not show them as subject to self-employment tax. Respondent determined that the payments constituted compensation for Lena Costanza's services and, therefore, are subject to self-employment tax. Petitioners contend that the monies received should be viewed as a gift because they represented payments over and above normal salary and because they could have been discontinued at any time. Section 1401(a) imposes a tax on "self-employment" income. In general, self-employment income consists of net earnings derived from a trade or business carried on by an individual. Section 1.1401-1(a) *317 and (c), Income Tax Regs. Since respondent has determined that the income received by Lena Costanza meets these requirements, petitioners must show that this determination is incorrect in order to prevail. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). To qualify these amounts as gifts, petitioners must show that the money was paid due to a detached and disinterested generosity on the part of the payor and not as compensation for services, past, present, or future. Commissioner v. Duberstein,363 U.S. 278, 285-286 (1960). Based on this criterion, we think that the record fails to show that the amounts received by Lena Costanza were gifts. First, the amounts were paid to her by the person for whom she was working, and were paid periodically, as compensation ordinarily would be paid.Second, there was no evidence to show that there was any family or other relationship between petitioner and the payor that would have motivated a gift. Third, petitioners themselves must have viewed these amounts as compensation because they included the entire amount as income when they filed their income tax return. For these reasons, we find that the payments *318 made to Lena Costanza constituted compensation. Finally, we note that the payments were received by Lena Costanza without reduction for social security or federal withholding taxes. Therefore, petitioner must have been holding herself out as a self-employed individual carrying on a trade or business. Absent evidence to the contrary, we find that Lena Costanza's compensation constituted earnings from self-employment and, therefore, are subject to the tax imposed by section 1401. Interest
Petitioners also have asked that we abate interest imposed on the deficiency under section 6601. This Court has no jurisdiction to abate or reduce interest on deficiencies. Standard Oil Company v. McMahon,244 F.2d 11, 13 (2d Cir. 1957); LTV Corp. v. Commissioner,64 T.C. 589, 597 (1975); Hudgins v. Commissioner,55 T.C. 534, 538 (1970); Chapman v. Commissioner,14 T.C. 943, 946-7 (1950), affd. per curiam 191 F.2d 816 (9th Cir. 1951), cert. denied 343 U.S. 905 (1952). Thus, we are unable to afford the requested relief. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. All references to "Rules" are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
2. Pursuant to Section 402(a)(5).↩
3. Respondent's notice of deficiency computed petitioner's tax by using 5 year income averaging as set forth in section 1301.↩
4. H. Rept. 93-1280 (August 12, 1974), 1974-3 C.B. 415↩, 500.