RUSSELL REESE BROWN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brown v. Commissioner
Docket No. 17143-90
United States Tax Court
T.C. Memo 1992-548; 1992 Tax Ct. Memo LEXIS 571; 64 T.C.M. (CCH) 763; T.C.M. (RIA) 92548; September 16, 1992, Filed *571 Decision will be entered under Rule 155. For Russell Reese Brown, pro se. For Respondent: Kirk S. Chaberski. COUVILLION
COUVILLION
MEMORANDUM OPINION COUVILLION, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) [1] and Rules 180, 181, and 182. Respondent determined deficiencies in petitioner's 1986, 1987, and 1988 Federal income taxes in the amounts of $ 842, $ 812, and $ 929, respectively. The issues for decision are: (1) Whether petitioner is entitled to dependency exemptions under section 151 for the 3 years in question; (2) whether petitioner is entitled to head-of-household filing status under section 2(b) for the 3 years in question; (3) whether petitioner is entitled to child care credits under section 21 for 1986 and 1987; and (4) whether petitioner is entitled to an earned income credit under section 32 for 1987 *572 and 1988. Prior to issuance of the notice of deficiency, petitioner agreed to certain adjustments unrelated to the issues described. Some of the facts were stipulated and are found accordingly. The stipulation and attached exhibits are incorporated by reference. Petitioner was a resident of Fort Smith, Arkansas, at the time he filed his petition. Petitioner married Sharon K. Brown on September 7, 1977. The dependency exemption issue involves two children, Sarah, who was born of this marriage, and Randy, Mrs. Brown's son from a previous marriage. Petitioner and Sharon Brown were divorced on July 11, 1984. Pursuant to the divorce decree, Sharon Brown was granted sole custody of Sarah Brown, with reasonable visitation allowed petitioner, and monthly child support of $ 150 to be paid by petitioner. No language in the divorce decree indicated which parent would be entitled to claim Sarah as a "dependent" under section 151(c). No written document was ever executed by Sharon Brown declaring that she would not claim her two children as "dependents". During the years at issue, the two children lived with their mother, Sharon Brown, but visited petitioner on weekends and in the summer *573 months. In addition to paying his monthly child support obligation, petitioner provided approximately $ 6,260 each year toward the support of both children. On his 1986, 1987, and 1988 income tax returns, petitioner claimed both children as dependents and claimed head-of-household filing status. In the notice of deficiency, respondent determined that petitioner was not entitled to dependency exemptions for Randy and Sarah because it had not been established that petitioner was the custodial parent or that the requirements of section 152 to qualify the children as "dependents" had been met for the 3 years at issue. Respondent also determined petitioner's filing status to be single for all 3 years, rather than head-of-household, since it had not been established that petitioner provided over half of the cost of maintaining as his home a household that was the principal home for more than half the year for a qualifying relative. The determinations by respondent in a notice of deficiency are presumed correct, and the burden of proof is on the taxpayer to prove that the determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). *574 Section 151(c) for 1987 and 1988 and section 151(e) for 1986 allow taxpayers an annual exemption amount for each "dependent" as defined in section 152. According to section 152(a), the term "dependent" means certain individuals, such as a son, daughter, stepson, [2] or stepdaughter, "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer)". The support test in section 152(e)(1) applies if: (1) A child receives over half of his support during the calendar year from his parents; (2) the parents are divorced under a decree of divorce; and (3) such child is in the custody of *575 one or both of his parents for more than one-half of the calendar year. If these requirements are satisfied, as in the present case, "such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (* * * referred to as the custodial parent)", thus allowing the dependency exemption to be claimed by the "custodial parent". Sec. 152(e)(1). To decide who has "custody", section 1.152-4(d)(2), Income Tax Regs., provides that custody "will be determined by the terms of the most recent decree of divorce" if there is one in effect. Since petitioner's divorce decree grants custody of Sarah to his ex-wife, Sharon Brown, she is considered Sarah's "custodial parent" under section 152(e). Petitioner's stepson is not referred to in the divorce decree; however, no evidence was presented to establish that petitioner had "custody" of him. Petitioner, as the "noncustodial parent", is allowed to claim a child as a dependent if one of three statutory exceptions are met. Under these exceptions, the "noncustodial parent" is treated as providing over half of a child's *576 support if: (1)(a) The custodial parent signs a written declaration that such custodial parent will not claim such child as a dependent, and (b) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year (section 152(e)(2)); (2) a multiple support agreement pursuant to section 152(c) determines support (section 152(e)(3)); or (3)(a) a qualified pre-1985 instrument provides that the noncustodial parent shall be entitled to any deduction allowable under section 151 for such child, and (b) the noncustodial parent provides at least $ 600 for the support of such child during the calendar year (section 152(e)(4)). Petitioner testified that he and his ex-wife entered into an oral agreement whereby he would be entitled to claim the children as dependents. There was no documentary evidence presented reflecting this arrangement. The language of section 152(e)(2)(A) has specific requirements that any such declaration by the custodial parent be in "written" form and attached to petitioner's tax returns; therefore, the requirements of this statutory exception are not fulfilled. The remaining two exceptions in section 152(e) are also *577 inapplicable. No evidence of a multiple support agreement was introduced, and petitioner's 1984 divorce decree did not provide that the noncustodial parent was entitled to the dependency exemptions. Thus, the Court concludes that, under section 152(e), petitioner is not entitled to claim either child as a dependent. An additional argument asserted by petitioner in his petition and at trial was that the law, as applied to his situation, was unfair if his ex-wife was entitled to the dependency exemptions simply because she was the custodial parent when he provided $ 6,260 a year for support of the children in addition to his required child support payments. Petitioner's argument is not one of the recognized exceptions allowing a dependency exemption in favor of the noncustodial parent and is best addressed by this Court's observation in Hays Corp. v. Commissioner, 40 T.C. 436, 443 (1963), affd. 331 F.2d 422 (7th Cir. 1964), where this Court stated "The proper place for a consideration of petitioner's complaint is the halls of Congress, not here." Therefore, respondent's determination disallowing the dependency exemptions *578 claimed by petitioner is sustained. In order for petitioner to qualify for head-of-household filing status, he must satisfy the requirement of section 2(b)(1)(A) that he maintain as his home a household which constitutes for more than one-half of such taxable year the principal place of abode, as a member of such household, of a son, stepson, daughter, or stepdaughter. An individual shall be considered as maintaining a household only if over half of the cost of maintaining the household during the taxable year is furnished by such individual. Petitioner stipulated that the children resided with their mother during the years at issue. He argued that, since he was legally obligated to pay the rent for the apartment they lived in, the apartment should be treated as his residence for purposes of the head-of-household filing requirements. Under section 1.22(c), Income Tax Regs., "In order for a taxpayer to be considered as maintaining a household * * *, the household must actually constitute the home of the taxpayer for his taxable year. It is not sufficient that the taxpayer maintain the household without being its occupant. The taxpayer and such other person must occupy the household *579 for the entire taxable year of the taxpayer." In upholding the validity of this language, this Court denied head-of-household status to a taxpayer who maintained a household for his minor son that was separate from the home which he physically occupied for the taxable year. Grace v. Commissioner, 51 T.C. 685 (1969), affd. 421 F.2d 165 (5th Cir. 1969). Therefore, the Court holds that petitioner is not entitled to head-of-household status for 1986, 1987, and 1988. On petitioner's 1986 and 1987 returns, he claimed a credit under section 21 for child and dependent care expenses. Pursuant to section 21(a)(1), petitioner is entitled to a credit for such expenses if he "maintains a household which includes as a member one or more qualifying individuals". As relevant herein, the term "qualifying individual" is defined in section 21(b)(1) as a dependent who is under the age of 15 and with respect to whom the taxpayer is entitled to an exemption. Therefore, since petitioner is not entitled to any dependency exemptions, he is not entitled to the child care credit under section 21. Petitioner claimed an earned income credit under *580 section 32 of $ 192 in 1988. Section 32(c)(1)(A) provides that an "eligible individual" for the credit means an individual who, among other requirements, qualifies for head-of-household filing status under section 2(b). The Court's conclusion that petitioner is not entitled to head-of-household status precludes petitioner from claiming an earned income credit. Therefore, respondent is sustained on this issue. In the notice of deficiency, respondent disallowed an earned income credit in 1987 of $ 32. Since petitioner did not claim any amount as an earned income credit on his 1987 tax return, which was introduced into evidence, the amount of deficiency for that year should be reduced accordingly. At trial, petitioner requested that the Court abate interest accruing on any deficiency found to be due. In general, this Court's jurisdiction is limited to redetermining the amount of a deficiency or addition to tax determined by the Commissioner. Sec. 6213. Consequently, this Court has no jurisdiction to abate or reduce interest on deficiencies. Standard Oil Co. v. McMahon, 244 F.2d 11, 13 (2d Cir. 1957); Rutland v. Commissioner, 89 T.C. 1137, 1155 (1987); *581 Constanza v. Commissioner, T.C. Memo. 1985-317. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. According to sec. 1.152-2(d), Income Tax Regs.↩, "The relationship of affinity once existing will not terminate by divorce or the death of a spouse." Therefore, Mrs. Brown's son from a previous marriage, Randy, continues to be classified as petitioner's "stepson" after petitioner's divorce in 1984.