T.C. Memo. 2001-34


UNITED STATES TAX COURT


ANDREW P. AND ROSEANNE L. GALLAGHER, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 659-00.                    Filed February 13, 2001.


Andrew P. and Roseanne L. Gallagher, pro se.

Thomas L. Fenner, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, Judge:  Respondent determined a deficiency of $2,280 in petitioners' Federal income tax for 1997.  The issues for decision are whether the distribution to Andrew P. Gallagher (petitioner) from an individual retirement account (IRA) was includable in petitioners' gross income and whether that same

distribution was subject to the 10-percent additional tax imposed by section 72(t).

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue.

### FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference.

Petitioners resided in Houston, Texas, at the time they filed their petition. In 1976, petitioner opened an IRA as described in section 408(a). Petitioners made additional contributions to the IRA over the next several years. Petitioners claimed deductions on their Federal income tax returns under section 219 for all of their contributions to the IRA. Petitioners made no nondeductible contributions to the IRA.

Petitioner was a civil engineer employed by the City of Houston, Texas, from May 6, 1985, until sometime in 1997. Petitioner was involuntarily demoted by the City of Houston effective December 3, 1996. The demotion resulted in a decrease of $11,700 to petitioner's annual salary. In November 1997, petitioner began working full time for the City of Pearland, Texas.

Because of financial hardship, in early 1997 petitioner requested a $6,000 distribution from the administrator of the IRA. Petitioner was 46 years old at the time he received the

distribution from the IRA. Petitioners used the money to pay bills, tuition at their son's private high school, and other personal expenses. Petitioners did not report the $6,000 distribution on their Federal income tax return for 1997.

No portion of the distribution was rolled over into another IRA or other retirement account. The distribution was not paid on account of disability, was not paid as part of a series of substantially equal periodic payments made for life, and was not paid for medical care.

OPINION

Petitioners contend that, because of their financial hardship, the $6,000 distribution should not be included in their gross income and, if it is, they should not be subject to the 10-percent additional tax imposed by section 72(t). Petitioners seek relief from the income tax and additional 10-percent tax imposed on the IRA distribution based on their financial hardship. There is, however, no hardship exception in the controlling statutes.

Generally, any amount paid or distributed out of an individual retirement plan is included in gross income by the payee or distributee. See sec. 408(d)(1); sec. 1.408-4(a)(1), Income Tax Regs; see also Arnold v. Commissioner, 111 T.C. 250, 253 (1998). Section 408(d)(3) provides an exception to the general rule where the entire amount received is paid into an IRA

or individual retirement annuity for the benefit of the distributee within 60 days after the receipt of the distribution. Petitioners do not qualify for the exception provided for in section 408(d)(3), because petitioners did not roll over the $6,000 IRA distribution into another IRA or other retirement account but rather used the money to pay for personal expenses.

In general, the basis of an IRA is zero. See sec. 1.408-4(a)(2), Income Tax Regs.; see also Costanza v. Commissioner, T.C. Memo. 1985-317. Petitioners did not make any nondeductible or excess contributions that would have increased their basis, and, thus, petitioners' tax basis in the IRA was zero. See Patrick v. Commissioner, T.C. Memo. 1998-30, affd. 181 F.3d 103 (6th Cir. 1999).

Section 72(t) provides for a 10-percent additional tax on early distributions from an IRA. The 10-percent additional tax, however, does not apply to certain distributions. Section 72(t)(2) sets forth specific exemptions. As the Court stated in Arnold v. Commissioner, supra at 255:

> The legislative purpose underlying the section 72(t) tax is that "premature distributions from IRAs frustrate the intention of saving for retirement, and section 72(t) discourages this from happening." Dwyer v. Commissioner, 106 T.C. 337, 340 (1996); see also S. Rept. 93-383, at 134 (1973), 1974-3 C.B. (Supp.) 80, 213.

Petitioners do not argue that any of the statutory exceptions apply to them. Petitioners, instead, seek relief from

the income tax or from the 10-percent additional tax imposed by statute based on their financial hardship.  However, there is no exception under section 72(t) for financial hardship.  This principle has been applied consistently in cases dealing with premature IRA distributions.  See Arnold v. Commissioner, supra at 255; Deal v. Commissioner, T.C. Memo. 1999-352; Pulliam v. Commissioner, T.C. Memo. 1996-354.  Thus, the IRA distribution received by petitioners is taxable in 1997 and is also subject to the 10-percent additional tax under section 72(t).

To reflect the foregoing,

Decision will be entered

for respondent.