Irwin STERNBERG, Plaintiff–Appellant,

v.

INTERNAL REVENUE SERVICE, Defendant–Appellee.

No. 04–1325.

United States Court of Appeals, Second Circuit.

Jan. 10, 2005.

Irwin Sternberg, Roslyn, NY, for Appellant, pro se.

Eileen J. O'Connor, Assistant Attorney General, Frank P. Cihlar, Mary E. Roccapriore, Department of Justice, Roslynn Mauskopf, United States Attorney, Washington, DC, for Appellee.

Present: POOLER, KATZMANN, and RAGGI, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Irwin Sternberg appeals from a judgment of the district court granting summary judgment to defendant-appellee, the Internal Revenue Service ("IRS"), on his claim for a refund of taxes paid for the 1997 tax year and release of taxes owed for that year. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

We review a grant of summary judgment de novo. *Morales v. Quintel Entm't, Inc.,* 249 F.3d 115, 121 (2d Cir.2001). Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The facts are not disputed here. In 1990, Sternberg properly rolled over $147,512 from his 401(k) account to an individual retirement account ("IRA"). He paid no taxes on the $147,512 distribution in 1990. In 1997, Sternberg withdrew $211,000, representing the $147,512 investment plus earnings, from his IRA, reporting the total amount as income and paying income taxes on it. He now argues, based on language in the 1997 versions of IRS Publication 590 and IRS Form 8606, that the original rollover was a nondeductible contribution to his IRA in 1990 that established a cost basis of $147,512 in his IRA, so that when he withdrew the funds in 1997 he was entitled to exclude $147,512 from his income as a recovery of investment and was required to pay taxes only on earnings (approximately $63,500).

Sternberg's argument runs counter to both the statutory scheme governing retirement accounts and the specific IRS publications on which he relies. IRAs provide tax deferral benefits by not taxing IRA contributions or earnings until they are distributed from the IRA. IRS Publication 590, at 2 (1997); *see also* 26 U.S.C. § 408(d)(1), (e). If a taxpayer takes a distribution from an employees' trust account, such as a 401(k) account, and transfers it to an IRA within 60 days, he is entitled to pay no tax on the distribution, thereby preserving tax deferral benefits. 26 U.S.C. § 402(c)(1). If we were to accept Sternberg's argument, such a transfer would make the transferred funds completely tax-free, not just tax-deferred. Such a result runs contrary to the clear intent and language of Sections 402 and 408 of the Internal Revenue Code. *See also* 26 U.S.C. § 72(*o*)(4) (stating need to ensure that funds "do not become eligible for additional tax benefits (or freed from limitations) through the use of rollovers"). We therefore hold that 26 U.S.C. § 408(d)

required that Sternberg include the full $211,000 in his 1997 gross income. *See generally Anderson v. Comm'r,* 84 T.C.M. (CCH) 48 (2002); *Gallagher v. Comm'r,* 81 T.C.M. 1149 (2001) (treating previously rolled-over IRA funds as taxable on withdrawal).

Furthermore, Sternberg's argument is in direct conflict with IRS Publication 590, on which he primarily relies. IRS Publication 590 states that a nondeductible contribution creates a cost basis in the IRA, which is then not taxed on withdrawal. IRS Publication 590, at 13. All this means is that a contribution made with money that has already been taxed by virtue of being nondeductible, will not be taxed a second time on withdrawal. "Contributions" are limited to the lower of $2,000 or total compensation includible in income for the year. *Id.* at 7. This contribution may be wholly or partially deductible from the taxpayer's income. *Id.* at 8–12. Any portion of the contribution that is not deductible is the "nondeductible contribution," and indeed is not taxable on withdrawal *Id.* at 12. Thus, while IRS Publication 590 may not fully explain the tax law, its plain language at least establishes that a nondeductible contribution may not in any case exceed $2,000 for any one year. Sternberg's claim that his $147,512 transfer should be treated as a nondeductible contribution is therefore in clear contradiction to the publication on which he relies.

Finally, Sternberg submitted a second brief in lieu of oral argument, which we accepted and treated as a reply brief. That brief primarily repeats the arguments of Sternberg's initial brief, but could be liberally construed to raise additional procedural arguments. We have considered these arguments and find them to be without merit.

For the above reasons, we affirm the judgment of the district court.