T.C. Memo. 2012-221

UNITED STATES TAX COURT

ROBERT L. BERNARD AND DIOLINDA B. ABILHEIRA, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5787-10.                                  Filed August 1, 2012.

Robert L. Bernard and Diolinda B. Abilheira, pro sese.

<u>Randall G. Durfee</u>, <u>Ashley V. Targac</u>, and <u>Paul C. Feinberg</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined a deficiency of $44,643 and a

section 6662 penalty of $8,179 in relation to petitioners' Federal income tax for

2007.  After concessions, the issues for decision are whether distributions

petitioners received from various individual retirement accounts (IRAs) are

**[*2]** taxable as ordinary income and whether petitioners are liable for the section 6662 penalty. All section references are to the Internal Revenue Code (Code) for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## FINDINGS OF FACT

Petitioners resided in Texas when they filed their petition. Robert L. Bernard (petitioner) is a former assistant U.S. attorney. Beginning in 1995, he suffered from various health ailments, including cardiac disorders, depression, and memory loss. He retired in 2000 because of disability. Petitioner prepared his own income tax returns before petitioners were married and prepared their joint returns after they were married in 1967.

Petitioner Diolinda Abilheira is a registered nurse. She received a bachelor's degree from Boston College and a master's degree from Boston University, and she did graduate work at Case Western Reserve University in Cleveland. She participated in a Teachers Insurance and Annuity Association-College Retirement Equities Fund program while working as an assistant professor at the University of Rhode Island. During 2007 she received $18,744 from this IRA. She also received $67,000 that year from a Pennsylvania M Fund account, another IRA held in her name.

[*3] During 2007 petitioners received income from interest, royalties, dividends, Social Security benefits, and other IRA distributions in addition to the income described in the preceding paragraph. They filed a joint Form 1040, U.S. Individual Income Tax Return, that petitioner prepared using TurboTax software.

The adjusted gross income reported on petitioners' return was $143,267. They underreported interest income by $783, rents and royalties by $670, Social Security benefits by $3,215, and dividends by $20,220. The tax reported on the return was $9,292.

During 2007 petitioners received a total of $142,552 from their various IRAs. They did not report any of the distributions as IRA distributions on the appropriate line on Form 1040. They did not attach a Form 8606, Nondeductible IRAs, to their return or otherwise indicate that they were claiming that any of their distributions were nontaxable based on previous nondeductible contributions. As of the time of trial in October 2011, petitioners had not calculated the amounts of any nondeductible contributions they made to their IRAs, and neither the amounts of any such contributions nor the amounts reported on prior years' tax returns can be determined from evidence in the record.

Instead of correctly reporting the IRA distributions on their tax return, petitioners mischaracterized $99,334.82 of the distributions as proceeds of sale,

[*4] claimed a combined basis of $49,054, and reported $50,280.82 as long-term capital gains. They agreed that they failed to report six additional IRA distributions totaling $26,637.

When the 2007 return was prepared, petitioner had misfiled or misplaced the information returns reporting their income. Petitioners had received notice that the Internal Revenue Service was challenging their treatment of IRA distributions on tax returns for earlier years. Petitioners obtained an extension of time to file the 2007 return because petitioner was suffering from depression, confusion, and memory loss. Petitioner was hospitalized in May 2008 during the period of extension for filing the 2007 return.

The notice of deficiency sent to petitioners for 2007 was based on information returns filed by third parties. Those information returns reported $142,552 as taxable amounts from retirement accounts. During the course of this case, respondent acknowledged that a portion of the distributions had been included in income as long-term capital gains and has conceded that petitioners would be entitled to decrease their long-term capital gain income by the $50,280.82 reported on their return if respondent's adjustment to retirement distribution income is sustained.

## [*5] OPINION

### Procedural Matters

In the petition, petitioners asserted that they "demand regular tax case procedures that are appealable to Court of Appeals." The case was set for trial on January 24, 2011, but was continued on petitioners' motion so that the parties could determine the amounts of nondeductible contributions to the IRAs. The case was continued to March 23, 2011, but was thereafter continued again on petitioners' motion so that they could take a trip out of the country.

By notice served May 9, 2011, the case was set for trial on October 17, 2011. When the case was called, petitioner moved that the trial be conducted under the small tax case procedures of section 7463, even though doing so would give up the parties' rights to appeal. See sec. 7463(b). Respondent objected because the amount in dispute for 2007, including the deficiency and the penalty, exceeded $50,000. See sec. 7463(a), (e). The motion was denied.

Petitioners continue to argue that this case qualifies for section 7463 status because the deficiency (ignoring the penalty) is less than $50,000 and their computations show that they do not owe taxes on certain of the distributions, thus bringing the total in dispute to less than $50,000. Petitioner, although trained as a lawyer, stated that they would give up their right to appeal in order to avoid having

**[\*6]** rules of evidence strictly applied. They apparently assume--erroneously--that relaxed rules of procedure and evidence under Rule 174(b) relieve them of the necessity of timely and appropriate evidence and arguments based on applicable law. Rule 174(b), however, refers to consistency with "orderly procedure" and requires evidence that has "probative value". In any event, this case is governed by procedures and rules applicable to cases not eligible for an election under section 7463. See id.

Petitioners were directed to file an opening brief addressing the legal arguments in respondent's pretrial memorandum, which specifically described (1) the requirements that taxpayers identify and substantiate nondeductible contributions to IRAs that reduce the amounts of taxable distributions and (2) the treatment of IRA distributions as ordinary income and not capital gains. Petitioners' opening brief filed January 3, 2012, did not address those legal arguments but made factual assertions and attached documents allegedly relating to characterization of contributions and unrelated errors by respondent, none of which were part of the evidentiary record. Petitioners' legal arguments were directed at the section 6662 penalty and did not address the statutory treatment of IRA distributions.

[*7] Respondent's answering brief was filed February 16, 2012. Among other things, respondent argued that petitioners had failed to produce any evidence corroborating their blanket assertions that the distributions were a return of capital and not taxable.

Petitioners' reply brief was filed April 4, 2012. On May 16, 2012, approximately 16 months after the first continuance, 7 months after the trial, 3 months after respondent's brief was filed, and 1-1/2 months after their reply brief was filed, petitioners filed a motion to incorporate into the record the exhibits to their briefs that had not been produced at trial. Respondent objects on grounds of relevance, in that the tendered records do not support petitioners' claims, and timeliness, and contends that consideration of the records after cross-examination and briefing would be prejudicial. We agree with respondent on both grounds, and petitioners' motion to incorporate these exhibits into the trial record will be denied.

Petitioners assert a variety of alleged missteps and misconduct by respondent's counsel, ranging from changing calculations to wrongful disclosure of an unrelated taxpayer's return information. None of the assertions, even if true, would affect petitioners' deficiency. Petitioners' attacks on the Court in relation to its Rules of Practice and Procedure and the rulings in this and other cases lack merit and will not be addressed in this opinion. Adverse rulings are not grounds

**[*8]** for disqualification or recusal. See United States v. Conforte, 624 F.2d 869, 882 (9th Cir. 1980); United States v. Carroll, 567 F.2d 955, 958 (10th Cir. 1977); United States v. Haldeman, 559 F.2d 31, 136 (D.C. Cir. 1976); United States v. Ming, 466 F.2d 1000, 1003-1004 (7th Cir. 1972). Because we have declined petitioners' attempts to have this case treated as a small tax case, petitioners have the right to challenge those rulings on appeal.

IRA Distributions

Taxation of distributions from retirement accounts is governed specifically by statute and regulation. Section 61(a) defines gross income as "all income from whatever source derived, including (but not limited to) * * * (9) [a]nnuities; * * * [and] (11) [p]ensions". Section 408(d)(1) provides a series of rules relating to IRAs, specifically that: "Except as otherwise provided in this subsection, any amount paid or distributed out of an individual retirement plan shall be included in gross income by the payee or distributee, as the case may be, in the manner provided under section 72." This provision is explained further in section 1.408-4(a), Income Tax Regs. See also Arnold v. Commissioner, 111 T.C. 250, 253 (1998); Gallagher v. Commissioner, T.C. Memo. 2001-34; Martin v. Commissioner, T.C. Memo. 1992-331, aff'd without published opinion, 987 F.2d 770 (5th Cir. 1993); Costanza v. Commissioner, T.C. Memo. 1985-317.

[*9] Petitioners claim that because capital gains within their IRAs increased the value of those accounts, they are entitled to report the distributions received as capital gains. They also contend that capital gains within the accounts "increased the cost basis of petitioners' shares." They have cited no authority to support this position, and there is none. Gains within IRAs are not taxed, but accumulated income included in distributions is taxed in accordance with the provisions of section 408(d). See, e.g., sec. 408(e). The deferred taxation of income at ordinary rates is the offset for the benefits of qualified plans.

Petitioners also claim that the distributions during 2007 were a return of their investments made through nondeductible contributions. However, the evidence, even considering the records not produced until after trial, does not support their generalized assertions. For example, petitioners claim that nondeductible contributions to petitioner's Thrift Savings Plan (TSP) account were among the amounts distributed from a rollover IRA and are therefore not taxable. Petitioner's contributions to his TSP account, however, appear to have been made with pretax dollars. The materials attached to petitioners' opening brief and the authorities cited in respondent's brief indicate that such pretax contributions and any increase in value of the TSP account are taxable when received as distributions unless there is a qualified rollover to a retirement plan such as an IRA. See secs. 401, 402,

**[*10]** 7701(j). Where pretax TSP funds are rolled over to an IRA, as petitioner's were, later distributions from the IRA are fully taxable as ordinary income under sections 72 and 408.

Moreover, petitioners have not shown that any nondeductible contributions were not used in prior years to reduce taxable distributions from their IRAs. They ignore relevant authorities cited by respondent and have not cited any provision of section 72 on which they rely to reduce the taxable amounts of the distributions that they received in 2007. Thus all of the distributions are included in their gross income and taxed as ordinary income. The amounts previously reported as capital gains will be eliminated in the Rule 155 computation in accordance with respondent's concession.

Section 6662 Penalty

Respondent has the burden of producing evidence that the section 6662(a) penalty applies. See sec. 7491(c). Section 6662(a) and (b)(1) and (2) imposes a 20% accuracy-related penalty on any underpayment of Federal income tax attributable to a taxpayer's negligence or disregard of rules or regulations or substantial understatement of income tax. Section 6662(c) defines negligence as including any failure to make a reasonable attempt to comply with the provisions of the Code and defines disregard as any careless, reckless, or intentional disregard.

**[*11]** Disregard of rules or regulations is careless if the taxpayer does not exercise reasonable diligence to determine the correctness of a return position that is contrary to the rule or regulation. Sec. 1.6662-3(b)(2), Income Tax Regs. A substantial understatement of income tax exists if the understatement exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A).

The stipulated omission of significant income in this case and the resulting understatement in excess of 10% of the tax required to be shown on the return satisfy respondent's burden of showing that the section 6662 penalty is appropriate, and petitioners must show that the penalty should not be imposed. See Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). The accuracy-related penalty under section 6662(a) is not imposed with respect to any portion of the underpayment as to which the taxpayer acted with reasonable cause and in good faith. Sec. 6664(c)(1); Higbee v. Commissioner, 116 T.C. at 448.

Petitioners rely on petitioner's health problems, which started in 1995, as an excuse for the numerous errors on their tax return for 2007. They assert that the determination of the penalty in this case was done arbitrarily by computer, without regard to petitioner's poor health, and that penalties have not been imposed against other taxpayers, such as the Secretary of the Treasury, who relied on TurboTax to

[*12] prepare their tax returns. They confuse authorities describing a serious medical condition as an excuse for late filing of a return with those describing reasonable cause sufficient to avoid a penalty under section 6662(a).

To the extent that the omission of numerous items of income and mischaracterization of others in this case led to a substantial understatement of income tax, petitioners have not shown that they had reasonable cause. The treatment of a portion of the distribution as capital gains was contrary to law. Petitioners did not rely on relevant authorities or competent tax advisers or otherwise make reasonable efforts to assess their proper tax liability. See Bunney v. Commissioner, 114 T.C. 259, 266-267 (2000); sec. 1.6664-4(b)(1), Income Tax Regs.

Although they cite petitioner's poor health, confusion, and memory loss as excuses for the errors on their return, we view petitioners' failure to seek competent help in preparing the return as negligence. Petitioner admits that he did not maintain organized files for the information returns that were received and thus did not have all of the information at hand when he prepared the return. The length and severity of the health problems suggest that a reasonable person in petitioner's position would have sought help rather than adopt his disability as an excuse for

[*13] inaccurate reporting.  He did not exercise reasonable diligence in determining petitioners' joint tax liability.

Petitioner Abilheira, who was obviously aware of petitioner's condition, testified that she did not notice that over $85,000 in distributions that she received was omitted from the joint return because she "didn't pay that much attention to it." There is no indication that she had any disabling health condition.  She is well educated and was negligent in not taking steps to assure that the tax return was correct.

We have considered the other arguments of the parties.  They are irrelevant, lack merit, or are unnecessary to the result reached.  To reflect respondent's concessions and the foregoing,

Decision will be entered

under Rule 155.